UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Sandra L. Spidle,

    Plaintiff,

v.

Case No. 6:12-CV-904-ORL-18KRS

GC Services, Limited Partnership,

    Defendant.

_____/

FILED
2012 JUN 14 PM 2:10
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Sandra L. Spidle, by and through the undersigned counsel, and as the Complainant against the Defendant(s) GC Services, Limited Partnership ("GC Services"), and states as follows:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff, an individual, brings this action for statutory damages, actual damages and punitive damages against the Defendant, as well as attorney's fees and the costs of litigation for Defendant GC Services' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"). These laws prevent creditors and debt collectors from *inter alia,* engaging in abusive, unfair and deceptive debt collection practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.SC. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

1

2. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

## PARTIES

3. Plaintiff is an individual, a natural person and a "consumer" residing in Orange County, Florida.

4. Defendant GC Services is a Texas Limited Partnership engaged in the business of collecting debts, with its principal place of business located at 6330 Gulfton Street, Houston, TX 77081

5. Defendant GC Services is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

6. Defendant GC Services regularly attempts to collect consumer debts alleged to be owed to another.

7. Defendant GC Services is a "debt collector" as defined by the FDCPA and the FCCPA.

8. At all times herein, GC Services was a "person" as defined by Section 559.55, Fla. Stat. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all times herein, GC Services either acted on its own accord, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTS

10. At all times herein, Plaintiff was involved in a dispute with the U.S. Department of Education over an alleged student loan debt.

11. The alleged debt was incurred for Plaintiff's personal, family and/or household purposes.

2

12. At some point in time, GC Services was hired, contracted, retained or otherwise tasked with collecting the alleged debt on behalf of the U.S. Department of Education.

13. In or around October of 2011, G.C. Services began telephoning Nancy Martinez, a friend of Plaintiff's, in an attempt to collect the alleged debt.

14. GC Services telephoned Ms. Martinez repeatedly even though it knew Plaintiff did not reside with Ms. Martinez.

15. GC Services continued repeatedly calling Ms. Martinez until Ms. Martinez had her telephone number changed in order to make the calls from GC Services stop.

16. During the immediately aforementioned telephone calls to Nancy Martinez, GC Services disclosed the existence of the alleged debt to Ms. Martinez.

17. Plaintiff never consented to GC Services communicating with a third party in connection with the collection of the alleged debt.

18. Nancy Martinez is not related to the Plaintiff and had no legitimate business need to be made aware of the alleged debt.

19. Plaintiff's reputation was adversely affected by GC Services' disclosure of the alleged debt to Ms. Martinez.

20. In or around November of 2011, GC Services began calling Plaintiff on the telephone in an attempt to collect the alleged debt.

21. November of 2011 was also when Plaintiff learned of the telephone calls and the disclosure of the alleged debt to Nancy Hernandez.

22. During the period of time between November of 2011 and February of 2012, GC Services telephoned Plaintiff on a regular basis, sometimes numerous times in a single day.

23. The immediately aforementioned telephone calls were made with such frequency as could be reasonably expected to harass Plaintiff, and were made with intent to annoy, harass and abuse Plaintiff.

24. During the immediately aforementioned telephone calls, GC Services was rude and abusive to Plaintiff, to include yelling at Plaintiff and insulting her integrety and character for not paying the alleged debt.

25. GC Services also threatened to garnish Plaintiff's Social Security check if she did not pay the alleged debt immediately.

26. Upon information and belief, GC Services has not fulfilled the conditions precedent to an administrative garnishment of Plaintiff's Social Security income.

27. Plaintiff is permanently and totally disabled, and is eligible for a discharge of her student loan pursuant to the Higher Education Opportunity Act (HEOA).

28. On or around January 25, 2012, in a telephone conversation with a purported manager for GC Services, Plaintiff advised the manager that she was eligible for a discharge of her student loans due to her total and permanent disability.

29. During the immediately aforementioned telephone conversation, Plaintiff asked the purported manager for GC Services if the debt collection calls and harassment would end once her physician verified her disability and submitted the required discharge documentation to the U.S. Department of Education.

30. G.C. Services response to the immediately aforementioned question was that "this will never end."

31. GC Services continued to repeatedly telephone and harass Plaintiff until she had her telephone service provider place a block on her telephone line so that G.C. Services was no longer able to call her.

32. GC Services unlawful conduct caused Plaintiff severe emotional anguish and distress, as well as an exacerbation of her medical conditions.

## CAUSES OF ACTION

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and re-alleges and incorporates paragraphs 1-32 as though fully restated herein.

34. GC Services communicated with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff in violation of 15 U.S.C. § 1692c(b).

35. GC Services caused Plaintiff's telephone to ring and engaged Plaintiff in telephone conversation repeatedly with intent to annoy, abuse and/or harass Plaintiff in violation of U.S.C. § 1692d(5).

36. GC Services repeatedly yelled at and verbally abused Plaintiff, as well as insulted her character and integrity for not paying the alleged debt in violation of U.S.C. § 1692d.

37. GC Services threatened to garnish Plaintiff's Social Security income while at all times knowing that it had not fulfilled the conditions precedent to doing so, and thus was not legally capable of same, in violation of U.S.C. § 1692e(4), 1692e(5) and 1692e(10).

38. GC Services told Plaintiff that even if the debt was legally discharged due to her total and permanent disability, the telephone calls and harassment "will never end," in violation of U.S.C. § 1692d, 1692e(5) and 1692e(10).

39. Defendant GC Services is liable for actual damages, additional damages of up to $1,000.00, attorney's fees and the costs of litigation for the foregoing violations of the FDCPA, pursuant to U.S.C. § 1692k.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in her favor and against Defendant for:

    a.    Actual damages and statutory damages;

    b.    Attorney's fees and the costs of litigation; and

    c.    Such other or further relief as the Court deems just and proper.

## COUNT II – DISCLOSURE OF DEBT TO THIRD PARTY IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40. Plaintiff repeats and re-alleges and incorporates paragraphs 1-32 as though fully restated herein.

41. GC Services disclosed Plaintiff's alleged indebtedness to a third party. Defendant knew or had reason to know that the third party did not have a legitimate business need for that information.

42. As a result of the improper disclosure to a third party, Plaintiff's reputation has been adversely affected.

43. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against GC Services for:

    a.    Actual damages, statutory damages and punitive damages;

    b.    Attorney's fees and the costs of litigation;

     c.     A permanent injunction enjoining GC Services from engaging in the complained-of practices; and

     d.     Such other or further relief as the Court deems just and proper.

## COUNT III – HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44. Plaintiff repeats and re-alleges and incorporates paragraphs 1-32 as though fully restated herein.

45. GC Services telephoned Plaintiff with such frequency as could be reasonably expected to harass in violation of Section 559.72(7), Fla. Stat.

46. GC Services yelled at, insulted and verbally abused Plaintiff in violation of Section 559.72(7) and 559.72(8), Fla. Stat.

47. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against GC Services for:

     a.     Actual damages, statutory damages and punitive damages;

     b.     Attorney's fees and the costs of litigation;

     c.     A permanent injunction enjoining GC Services from engaging in the complained-of practices; and

     d.     Such other or further relief as the Court deems just and proper.

## COUNT IV – UNLAWFUL DEBT COLLECTION PRACTICES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges and incorporates paragraphs 1-32 as though fully restated herein.

49. GC Services repeatedly contacted a third party in connection with the alleged debt while knowing that it did not have the legal right to use such debt collection techniques, in violation of Section 559.77(9) Fla. Stat.

50. GC Services yelled at, insulted and verbally abused Plaintiff in an attempt to collect the alleged debt while knowing it did not have the legal right to use such debt collection techniques, in violation of Section 559.77(9) Fla. Stat.

51. GC Services threatened to garnish Plaintiff's Social Security check without having fulfilled the conditions precedent to doing so, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.77(9), Fla. Stat.

52. GC Services told Plaintiff that even if the alleged debt were legally discharged due to her total and permanent disability, the debt collection telephone calls "will never end." GC Services knew that it did not have the legal right to use such debt collection techniques, and thus violated Section 559.77(9), Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against GC Services for:

   a. Actual damages, statutory damages and punitive damages;

   b. Attorney's fees and the costs of litigation;

   c. A permanent injunction enjoining GC Services from engaging in the complained-of practices; and

   d. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands trial by jury on all issues so triable.

Dated this 11th day of June, 2012.

Respectfully Submitted:

*s/Christie D. Arkovich*
Christie D. Arkovich, Esq.
Florida Bar No. 963690
Erin McKenney Allen, Esq.
Florida Bar No. 031383
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorney for Plaintiff